JOHN W. LUNGSTRUM, U.S. District Judge *1170 This matter is a petition for habeas corpus filed by an alien detainee confined at the Shawnee County Jail, Topeka, Kansas. The United States removed this action on June 5, 2018.
Petitioner challenges his detention by the United States Immigration and Customs Enforcement (ICE) pending a determination of his removal and seeks immediate release, damages, and other relief.
Background
Petitioner is a native of Guatemala who entered the United States in or around March 2003.
On May 4, 2017, he was questioned by the Topeka Police Department and released pending the results of an investigation. Prior to his release, he was interviewed by an ICE agent who concluded he was subject to removal. On the same day, ICE issued a Warrant for Arrest of Alien, a Notice of Custody Determination, and a Notice to Appear in removal proceedings. Petitioner was served and booked into the Shawnee County Jail as an ICE inmate under that warrant.
On June 20, 2017, an immigration judge released petitioner on bond.
On December 8, 2017, a grand jury in the District Court of Shawnee County indicted petitioner on charges of rape and aggravated sexual battery.
On January 5, 2018, Topeka police took petitioner into custody under that indictment. On the same day, the Department of Homeland Security (DHS) lodged an immigration detainer with the Shawnee County Department of Corrections (DOC). The detainer requested notice of petitioner's release and requested that the DOC retain custody for a period of no more than 48 hours to allow DHS to assume custody of petitioner.
On January 10, 2018, DHS cancelled petitioner's immigration bond. On the same day, petitioner entered guilty pleas to two counts of sexual battery.
On May 14, 2018, petitioner was sentenced to 24 months of supervised probation. On that day, the DOC notified Matthew Roberts, a Deportation Officer at the Enforcement and Removal Office (ERO) in Kansas City, Missouri, of petitioner's sentence and that he would remain in custody under the ICE detainer.
On May 16, 2018, Roberts, through an interpreter, explained to petitioner the ICE Notice of Custody Determination form and his re-determination to no bond status. Petitioner stated that he wished to see an immigration judge to review this determination and signed the form to request such review.
On June 5, 2018, a hearing was conducted and DHS added an additional ground for petitioner's removal based upon his recent Shawnee County conviction. Petitioner's immigration attorney was granted a continuance to allow him to respond to the additional ground for removal. On the same day, the United States removed this action to this court under 28 U.S.C. § 1442(a)(1) and § 1446.
Petitioner remains detained in the Shawnee County Jail in ICE custody.
*1171 Analysis
The general habeas corpus statute, 28 U.S.C. § 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts, and any circuit judge within their respective jurisdictions...." 28 U.S.C. § 2241(a). This remedy is available where the petitioner demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).
The federal courts have jurisdiction to consider habeas corpus claims by aliens who challenge the constitutionality of their detention. Demore v. Kim , 538 U.S. 510, 516-17, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003).
The federal government has "broad, undoubted power over the subject of immigration and the status of aliens." Arizona v. United States , 567 U.S. 387, 394, 132 S.Ct. 2492, 183 L.Ed.2d 351 (2012). Congress, through the Immigration and Nationality Act (INA), has authorized the DHS, through ICE, to enforce immigration law.
The INA authorizes the United States Attorney General to interview, arrest, and detain removable aliens already in the country pending a decision in removal proceedings. 8 U.S.C. § 1226(a).
In aid of this authority, Congress authorized the DHS to enter agreements with State and local authorities to assist in specific enforcement activity, including detention. See 8 U.S.C. § 1357(g) (authorizing cooperative agreements) and 8 U.S.C. § 1103(a)(11)(A) (11)(A) (authorizing payments by the Attorney General for expenses of persons in administrative detention in non-Federal institutions). Petitioner is housed in the Shawnee County Jail under an agreement between ICE and the Shawnee County DOC. See Doc. # 11, Attach. A, Ex. 9, pp. 20-28.
Among the methods the federal government uses to seek the cooperation of state and local authorities is the issuance of an immigration detainer. An immigration detainer provides notice to such authorities that ICE intends to take custody of a removable alien upon that person's release from the jurisdiction's custody. By issuing the detainer, ICE seeks notice of the release date and a hold upon the alien for up to 48 hours. 8 C.F.R. § 287.7, Detainer provisions under section 287(d)(3) of the Act .
Here, ICE placed a detainer with Shawnee County authorities after petitioner's arrest by the Topeka Police Department. Shawnee County authorities notified ICE of petitioner's release date and held him as requested by the detainer. Within the 48-hour period, a deportation officer representing ICE arrived at the Shawnee County Jail and took custody of petitioner under the agreement between the DHS and the Shawnee County DOC.
Under 8 U.S.C. § 1226(c), an alien who has committed certain offenses must be taken into custody. The crimes include those "involving moral turpitude", 8 U.S.C. § 1182(a)(2)(A)(i)(I), and accordingly, petitioner's guilty plea to charges of sexual battery required ICE to detain him.
At the time of his release from local custody to ICE, petitioner's detention rested both on his recent conviction of a crime of moral turpitude and on his status as an alien pending removal proceedings. ICE did not exceed its authority in detaining petitioner.
Next, to the extent that petitioner argues he was held by the Shawnee County DOC beyond the 48 hours contemplated by the detainer, he is not entitled to relief. The record shows that his sentencing hearing in the District Court of Shawnee County began at 10:00 a.m. on May 14, 2018, and that the deportation officer arrived at *1172 the Shawnee County Jail on May 16, 2018, at 9:45 a.m. to serve petitioner with notice. This sequence of events complies with federal law. See 8 C.F.R. § 287.7(d) (allowing detention of an alien under a detainer "for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays" to allow ICE to assume custody).
Finally, in his reply to the answer, petitioner broadly challenges his detention on Fourth Amendment grounds, arguing that his detention must be supported by a probable cause determination by a judge. However, the legality of an arrest of an alien based upon a civil immigration violation is well-established. See Abel v. United States , 362 U.S. 217, 230, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960) ("Statutes authorizing administrative arrest to achieve detention pending deportation have the sanction of time."). The statute authorizing the warrantless arrest of an alien by an ICE officer does not expressly require probable cause but authorizes the arrest if the officer "has reason to believe" that the alien is in the United States in violation of a law governing admission or removal of aliens and is likely to escape before a warrant is issued. 8 U.S.C. § 1357(a)(2).
Petitioner has identified case law that suggests that a detainer stating that an investigation has been initiated is insufficient to hold an alien. See, e.g., Miranda-Olivares v. Clackamas Cty , 2014 WL 1414305 (D. Or. Apr. 11, 2014) ; Morales v. Chadbourne , 996 F.Supp.2d 19, 29 (D.R.I. 2014), aff'd in part, dismissed in part , 793 F.3d 208 (1st Cir. 2015).
In this case, however, the DHS warrant for petitioner's arrest, issued on January 5, 2018, cites the officer's probable cause determination that petitioner is removable based upon the pendency of removal proceedings and upon a biometric confirmation through federal databases that showed he lacked a lawful immigration status (Doc. # 10, Ex. D.). This showing is considerably stronger than that rejected in the cases argued by petitioner. Compare Arizona v. United States , 567 U.S. 387, 413, 132 S.Ct. 2492, 183 L.Ed.2d 351 (2012) ("Detaining individuals solely to verify their immigration status would raise constitutional concerns."). Accordingly, the Court finds this matter is distinguishable.
Conclusion
For the reasons set forth, the Court concludes the petitioner's detention under the ICE detainer complied with federal law and that his continuing detention pending a removal decision is lawful. The Court rejects petitioner's claims that he was subjected to false arrest and imprisonment.
IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.
IT IS SO ORDERED.